IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-294-D
No. 5:15-CV-163-D

| | |
|---|---|
| TOBIAS VAN COOLEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 13, 2015, Tobias Van Cooley, Jr., ("Cooley") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 114-month sentence [D.E. 57]. On May 18, 2015, Cooley requested counsel [D.E. 60]. On October 21, 2015, the government moved to dismiss Cooley's section 2255 motion [D.E. 68] and filed a memorandum in support [D.E. 69]. On December 17, 2015, Cooley responded [D.E. 73]. As explained below, the court grants the government's motion and dismisses Cooley's section 2255 motion.

I.

On May 21, 2013, pursuant to a written plea agreement [D.E. 33], Cooley pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See Rule 11 Tr. [D.E. 52] 18–35. On October 1, 2013, at Cooley's sentencing hearing, the court calculated Cooley's advisory guideline range as 110 to 120 months' imprisonment based on a total offense level of 25 and a criminal history category VI. See Sentencing Tr. [D.E. 50] 2–19. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Cooley's allocution, the court sentenced Cooley to 114 months' imprisonment. See id. 37–44. On October 9, 2013, the court entered judgment. See [D.E. 40].

On January 3, 2014, Cooley filed a notice of appeal [D.E. 43]. On September 2, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Cooley's appeal as untimely [D.E. 53].

On April 13, 2015, Cooley filed his section 2255 motion. See [D.E. 57]. Cooley makes two claims: (1) the government failed to present sufficient evidence to support a four-level enhancement under U.S.S.G. § 2K1.1(b)(6)(B) for use or possession of a firearm in connection with another felony offense; therefore, the court should have found an advisory guideline range of 63 to 78 months' imprisonment based on a total offense level of 19 and a criminal history category VI [D.E. 57] 4, 13; and (2) his counsel was constitutionally ineffective because counsel never explained to Cooley the elements of the charge to which Cooley pleaded guilty. See [D.E. 57-1] 2–4; [D.E. 62] 2–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may

2

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his plea agreement, Cooley agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Cooley] at the time of [his] guilty plea." Plea Agreement [D.E. 33] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 hearing, Cooley stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 2–20, 26. Cooley also swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a maximum of 120 months' imprisonment. See id. 21, 23. Cooley also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 23–24.

3

Cooley also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Cooley and the government. See id. 26–29. The court then read Cooley's appellate waiver aloud to him, and Cooley swore that he understood the rights he was giving up in the waiver. See id. Cooley also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of 120 months' imprisonment. See id. 24–29.

At the end of his Rule 11 hearing, Cooley pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 31–34. The court then accepted Cooley's guilty plea. See id. 34–36.

In light of the Rule 11 colloquy, Cooley's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. Cooley agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Cooley] at the time of [his] guilty plea." Plea Agreement ¶ 2.c.

Cooley's claim that the court erred in applying the four-level enhancement under U.S.S.G. § 2K1.1(b)(6)(B) falls within the scope of his appellate waiver. See, e.g., United States v. McLaughlin, No. 14-4920, 2016 WL 611487, at *2–3 (4th Cir. Feb. 16, 2016); Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Cooley's waiver and dismisses his first claim.

4

Case 5:12-cr-00294-D   Document 74   Filed 02/29/16   Page 4 of 7

Alternatively, Cooley procedurally defaulted this claim. Cooley failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Cooley from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Cooley has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, the court's application of U.S.S.G. § 2K1.1(b)(6)(B) in calculating Cooley's advisory guideline range does not amount to a miscarriage of justice warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015). Notably, when this court sentenced Cooley, the guidelines were advisory, and Cooley received a sentence that was below the statutory maximum. On these facts, Cooley cannot obtain relief concerning the gun enhancement under section 2255. See id. Alternatively, the court properly applied the enhancement. Thus, Cooley's first claim fails.

As for Cooley's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed

5

without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Cooley must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Cooley contends that his counsel was ineffective because counsel never explained to Cooley the elements of the charge to which Cooley was pleading guilty. During Cooley's Rule 11 proceeding, however, Cooley swore under oath that he had discussed his case with his lawyer, had read and discussed his entire plea agreement with his lawyer, and that he understood each term in his plea agreement. See Rule 11 Tr. 16–18, 27. Cooley's plea agreement described the elements of the offense to which he was pleading guilty. See Plea Agreement ¶ 3.a. Moreover, during the Rule 11 proceeding, this court also explained the elements of the charge to which Cooley was pleading guilty. See Rule 11 Tr. 21–22, 31–32. Cooley's sworn statements at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010);

6

United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Cooley's counsel did not render ineffective assistance, and Cooley's second claim fails.

After reviewing the claims presented in Cooley's motion, the court finds that reasonable jurists would not find the court's treatment of Cooley's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 68], DISMISSES Cooley's section 2255 motion [D.E. 57], DENIES Cooley's motion to appoint counsel [D.E. 60], and DENIES a certificate of appealability.

SO ORDERED. This 29 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge