IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-294-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOBIAS VAN COOLEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On May 21, 2013, Tobias Van Cooley, Jr. ("Cooley") pleaded guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and 924(a) [D.E. 32, 33]. On October 1, 2013, the court sentenced Cooley to 114 months' imprisonment [D.E. 39, 40, 50]. On January 3, 2014, Cooley filed a notice of appeal [D.E. 43]. On September 2, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Cooley's appeal as untimely [D.E. 53].

On April 13, 2015, Cooley filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 57]. On October 21, 2015, the government moved to dismiss and filed a memorandum in support [D.E. 68, 69]. On February 29, 2016, the court dismissed Cooley's section 2255 motion [D.E. 74]. On June 23, 2016, the Fourth Circuit authorized Cooley to file a second motion under section 2255 [D.E. 84]. On June 24, 2016, Cooley filed a second section 2255 motion [D.E. 85]. Cooley alleges that he is not a career offender due to Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 85].

On November 22, 2016, the government filed a motion to stay [D.E. 90]. On December 14, 2016, the court stayed this action pending the Supreme Court's decision in Beckles v. United States. See [D.E. 91]. On March 6, 2017, the Supreme Court decided Beckles. Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Court held that the advisory "Guidelines are not subject to

a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Id. at 892. On June 26, 2017, the government moved to lift the stay [D.E. 93], responded in opposition to Cooley's motions, and argued that Beckles defeats Cooley's claim. See [D.E. 94] 2–3.

Cooley did not receive the career offender sentencing enhancement. See PSR [D.E.37] ¶¶ 24–25, 51–61. In any event, even if he did, Beckles defeats Cooley's claim that Johnson invalidates his status as a career offender. See, e.g., Beckles, 137 S. Ct. at 892; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017).

In sum, the court GRANTS the government's motion to lift stay [D.E. 93], DISMISSES Cooley's second motion to vacate [D.E. 85], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 11 day of April 2018.

J. Dever
JAMES C. DEVER III
Chief United States District Judge